PER CURIAM.
The appellant states only the following question in this case:
“After a cause of action has been dismissed with prejudice is it error for the circuit court to enter an order granting a motion for rehearing, vacating the order of dismissal with prejudice, and reinstating the claim and cause of action of the plaintiff, thereby allowing the plaintiff to schedule the action for trial, where the order does not specify the particular and specific grounds on which it is based?”
Appellant bases his argument on Fla. Stats. § 59.04, F.S.A., which has specific reference to an appeal from an order granting a new trial.
Section 59.07 (4) provides:
“NEW TRIALS, REVIEW OF ORDER GRANTING. — In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, *542 shall be considered as arguable upon said appeal.”
The order appealed from in this case is not from a final judgment but actually an attempt to take an interlocutory appeal. Appellant asks this court to treat the appeal so taken as a petition for writ of certiorari since the record in the case has been filed in this court.
We shall do as the appellant requested and treat the case as a common law certiorari.
The order appealed is not from a final judgment in a common law case and the order entered was not an order granting .a new trial. Therefore, the interlocutory order appealed does not come within the •purview of Fla.Stats. § 59.07(4), F.S.A.
Petition for certiorari is denied.
ALLEN, Acting C. J., and PIERCE and HOBSON, JJ., concur.